IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF
RHODE ISLAND

Terrance Boyd
Petitioner

CR: NO 95-075ML

v.

CA 06 51

United States Of America,
Respondant

PETITION FOR WRIT OF ERROR CORAM NOBIS PURSUANT TO 28 U.S.C. §1651 (A).

Now comes the petitioner Terrance Boyd (Hereinafter Petitioner), who is acting Pro-Se in the above stated matter, and hereby respectfully moves this Honorable Court to grant relief from judgement of sentence pursuant to petition for Writ of Error Coram Nobis 28 U.S.C. §1651 (A). In support of, it is stated;

## PRO-SE STANDARD OF REVIEW

Petitioner request's a liberal construction of his pleadings. Petitioner is untrained in the law and has others helping him, Hains v. Kerner, 404 U.S. 519 (1972). This court retains the inherent power to apply the proper construction of governing law. Kamen v. Kemper Financial Services Inc.,500 U.S. 90 (1991).

## JURISDICTION

The Rhode Island District Court entertains jurisdiction over petition for Writ of Coram Nobis 28 U.S.C. §1651 (A). See Korematsu v. U.S.D.C. Cal., 1984 584 F. Supp. 1404. Petitions for Writ of Error Coram Nobis are appropreately heard by the district court in which the petitioners conviction was obtained.

A claim of an illegal restitution order is beond the preview of a collateral proceeding brought under 28 U.S.C. §2255. Making §2255 inadiquate and ineffective for the petitioners instant claims. See Smullen v. U.S.,94 F.3d 20,21 (1st Cir 1996) were the court stated that the plain language of the statute indicated that §2255 is only available to a petitioner who "claim[s] his right to be released" from custody. Also see U.S. v. Thiele, 314 F.3d 399 (9th Cir. 2002) where the court stated that the defendant could not challenge a restitution order thruogh a 28 U.S.C. §2255. The petitioner also filed a section 2241 in the district of his confinement were the court held that the appropriate motion to challenge restitution would be a Writ of Error Coram Nobis.

## STATEMENT OF FACTS

A) The petitioner along with 10 Co-Defendants were indicted in the district of Rhode Island on a 38 count indictmentafter a two year investigation into the Providence chapter of the street gang commonly known as the Latin Kings, on September 19,1995.

B) The petitioner was indicted on 5 counts. Count (1) R.I.C.O. 1962(c), Count(2) Consp. R.I.C.O. 1962(d), Count(4) VCAR 1959(A)(1), and two counts of Violation of 18 U.S.C. §1959(A)(5) (conspiring to commit murder, a violent crime in aid of rackateering).

C) After a 44 day trial befor Honorable Judge Mary M. Lisi the petitioner was convicted of count 4.

D) On september 22, 1997 Honorable Judge Mary M.Lisi imposed a sentance of life on count 4, and imposed a $40,000.00 restitution order to the Mendez family, making the petitioner jointly and severly liable with Co-Defendants Sepulveda,Roman,Perry and Davis.

E) After the sentencing the petitioner appealed his conviction which was denied on June 30,1999. One year later a petition was filed in Sec. 2255 which was also denied on November 11,2001. The petitioner raised a claim of illegal restitutionon his §2255 where thecourt ruled that attack on restitution was beond the preview of §2255.

THE PETITIONERS RIGHT TO EFFECTIVE ASSISTENCE OF COUNSEL WAS DENIED WHEN TRIAL COUNSEL FAILED TO OBJECT TO THE COURTS FAILURE TO MAKE SPECIFIC FACTUAL FINDINGS REQUIERED TO IMPOSE A RESTITUTION UNDER 18 U.S.C. Sec.3663(a) AND IMPOSING RESTITUTION UNDER THE MANDATORY VICTIMS RESTITUTION ACT WHEN THE OFFENSE IN QUESTION OCCURED BEFORE ITS ENACTMENT IN 1996

(A) The petitioner contends that his right to effective assistance of counsel were denied when trial counsel failed to object to sentencing Courts failure to make requiered factual findings to impose restitution under the Victims Witness Protection Act(VWPA) 18 U.S.C. 3663(a). See U.S. V. EDWARDS, 162 f2d 87 (3rd Cir.1998) were the Court stated that in this Circuit, a District Court has to make certain factual findings before ordering restitution under the **VWPA**;(1) The amount of the loss sustained by the victims;(2) The defendants ability to pay that loss;and (3) and how the amount of restitution imposed relates to any loss caused by the conduct underlining the offense at issue.

In the instant case the record dose not establish a factual finding/1 that the amount of restitution resulted from the offense of conviction for which the petitioner was actually convicted.

---

/1 See exhibit (a) the petitioners sentencing minutes.

Further more the District Court did not take into consideration the defendants ability to pay the full restitution/2. SeeU.S. v.Porter ,90 f3d 64 (1946) were the Court stated a Court of Appeals will vacate order of restitution and remand for resentencing where there is no evidence suggesting that the sentencing Court considered the amount of loss sustained by the victims of the crimes, defendants ability to pay restitution, and financial needs and earning ability of the defendant and the defendants dependants in ordering restitution. (B) The sentencing Court did not take into account how the amount of restitution imposed, relates to any loss caused by the conduct underlining the offens at issue.

The sentencing Court imposed a restitution order of $40,000.00 as part of a sentence **for all counts** The petitioner was convicted of the murder of Jose Mendez. Impart the restitution award is based on expenses stemming from the body of Mendez being housed and trasported From Rhode Island to New york to the Dominican Republic. The expensses incurred by the transportation of Mendez body is result of the Mendez family chioce to do so. See Government of the Virgin Islands v. Davis,43 F.3d 41, (3rd Cir.1994) for the purpose of restitution award under the VWPA award of restitution in the amount that represents victim entire loss is not necessiarly authorized.



/2 under the MVPA a restitution must be made in the full amount opposed to a restitution imposed under the VWPA which must be tailored to the defendants future financial ability to pay.

Futher more the sentencing Court never conclude if the figure of $40,000.00 dollars resulted from charges stemming from the offense of conviction. The sentencing Court imposed this ambiguous figure of $40,000.00 dollars soley based on Jose Mendezs mothers testimony and a letter from Mendezs father which the assistant USDA stated himself was poorly documented/3. The Court never concluded that this figure truly represented the losses caused by the offense of conviction. See <u>Hughey v. U.S.</u> 495 U.S. 411 (1990) 18 U.S.C.3663 is authorize only for the loss caused by the specific conduct that is the basis of the offense of conviction.

(C) furthermore the sentencing Court held the petitioner "Jiontly and Severly" liable with his co defendants **sepulveda,Perry,Roman,and Davis** for the full amount of the restitution order. Without any clarification of what Jointly and Severly means. If the petitioner were to pay half of the restitution would he be held liable for the other half if co defendant does not pay it. See <u>U.S. v. Hunt</u>,52 f3d 489(3rd cir. 1995) were the Court remanded for further consideration due to the Courts statement that restitutionally obligation was Jiontly and Severly liable with those of her co defendants without further explanation.

(D) Next the sentencing Court erred in imposing a restitution order under 18 U.S.C Sec.3663(a)/4 Mandatory victims restitution act. The offense for which the petitioner was convicted of occured on Nov.07, 1994 prior to the enactment of the M.V.R..A.



/3 See petitioners sentencing minutes p.30 exhibit (B-1),A letter from mendez father claiming the sum of $40,000 which clearly does not establish any reasoning for the calculation of this figure exhibit (B-2)and testimony fro mendez mother exhibit (B-3) /4 See petitioners presentencing report p.1

Sentencing the petitioner under the M.V.R.A. violates the ExPost Facto Clause, Because under the M.V.R.A. the Court must apply the full amount of the victims losses, and the Court can not consider the defendants economical circumstances. See UU.S. v. Edwards,126 f 3d 87 (3rd Cir.1998) were the Court stated that imposition of restitution on a defendant for criminal conduct which occurred prior to the enactment of the (MVRA) violates the Ex Post Facto Clause; restitution was "Punishment" under the MVRA, and the act disadvantages defendant by holding him accountable for the full amount.

(E) In showing an infective assistance claim the petitioner must establish a two-step requirement commonly know as the **Strickland** test. See **Strickland v. Washington**,466 U.S. 668(1984) (1) counsels preformance fell below the objective standard of responsibilty and (2) there is a reasonable probability that, but for counsele error, the result of the proceeding would have been different.

In the case at bar trial counsel did not object to the Courts failure to make factual findings of the amount sustained by the victims; the defendants ability to pay and how the restitution imposed relates toany loss caused by the conduct underlining the offense of conviction. In fact trial counsel did nothing at all, basically conceeding by his silence on this matter. The touchstone for determing whether an attorneys preformance falls below the Constitutional norm is whether counsel has brought "To bear such skill and knowlegde as will render the trial a reliable adversil testing process **Strickland**." See **Rompilln v.Horn**,355 f 3d 233 (3rd Cir. 2004) The Constitution is satisfied when the lawyer chooses a professionally competent strategy that secures the accussed the benifit of an adversarial trial.

The petitioner contends that trial counsels mere silence could never render a reliable adversial testing process,and in fact is equivalent to having No counsel at all.See **Roe v. Flores Ortega**, 528 U.S. 470 (2000) quoting Cronic If counsel is denied at a critical stage at trial, it is prejudice per-se, mandating automatic reversal. The outcome would have been differant had trial counsel objected to this illegal restitution. The petitioner would have if any at all, a substantially less restitution order had counsel made an attempt to test this illegally imposed restitution order. See **Scarpa v. Dubois**, 38 f3d 1 (1st Cir. 1994) a convicted defendant can establish the requisite prejudice in ineffective assistance of counsels berves, trial outcome would have been differant for this purpose, "Reasonable probability" is defined as that which undermines confidence in the result of the proceeding.

Trials counsel choice not to contest the restitution order and the manner in which it was imposed could only result in one outcome the sentencing Court imposing the full amount requested by the Mendezs family even though the assistant USDA said it was not well documented.

**Appellate Counsel was Ineffective
For not appealing illegally imposed
Restitution order**

Appellate counsel was ineffective for failing to appeal on direct appeal the District Court imposing a restitution order without making the appropraite factual findings required to impose restitution; and not clarifing what "Jiontly and Severly" meant and imposing restitution under the MVRA instead of the statute controlling at the time of the offense of conviction **V.W.P.A.**.See **Ratiff v. U.S.**, 999 f2d 1023,1026 (6th Cir.1993). A refusal to appeal,

an errorneous restitution award which award would have been subject to reversal on appeal,would meet the Strickland test and would clearly constitute cause for the failure to appeal the award.

## Conclusion

The petitioner submits that he was afforded ineffective assistance of counsel during the course of his sentencing and appeal. Had trial counsel objected to the Courts imposition of restitution without making factual findings,and imposition of restitution under the MVRA instead of the VWPA the outcome would have been differant.

Therefore the petitioner prays that this Honorable Court grant the instant 28 U.S.C. Sec.1651(A) vacate sentence and remand for resentencing for further factual findings, clarification of "Jiontly and Severly" means and sentencing under the correct statute the VWPA, and any further relief this Honorable Court deems appropriate.

The petitioner respectfully preserves his right to be present at resentencing in furtherance of his instant claims pursuant to rule 43(a) of the Fed. R. Civ. Pro..

Respectfully Submitted,

Terrance Boyd

Terrance Boyd#04225-070
U.S. Penitentiary
P.O.Box 1000
Lewisburg P.A.
17837

IN THE UNITED STATES DISTRICT COURT FOR
THE DISTRICT OF
RHODE ISLAND

Terrance Boyd,
Petitioner

CR:NO95-075ML

v.

CA 06 51.

UNITED STATES OF AMERICA
Respondant

## ADDENDUM

Containing five exhibits (A),(B-1),(B-2),(B-3) and (C).

Exhibit (A) The petitioners sentencing minutes page 35.

Exhibit (B-1) The petitioners sentencing minutes page 30.

Exhibit (B-2) A letter from Mendez father claiming the sum of $40,000,Document is from the petitioners presentencing report within the victim impact statement.

Exhibit (B-3) Transcript fron the petitioners trial testimony from mendez mother.

Exhibit (C) petitioners presentencing report page 1.

will be placed on supervised release for a term of five years.

I impose no fine, since any efforts any money that this Defendant may come into, may acquire by whatever reason either through work or inheritance, ought to be paid to the Mendez family. I have reviewed the claim filed by Mr. Mendez on behalf of the family and although there's not a tremendous amount of detail, there is a letter from Mr. Mendez where he talks about his son and what he has suffered as a result of his son's death. Mr. Boyd will be jointly and severally liable for the $40,000 claimed by Mr. Mendez with his co-defendants in this murder: Sepulveda, Roman, Perry and Davis.

I impose the mandatory special assessment of $50.

Mr. Boyd, I'm sure your attorney has already talked to you about filing an appeal in this case and that is your right. If you cannot afford an attorney to help you with that, the Court will provide one for you, do you understand that?

THE DEFENDANT: Yes.

THE COURT: Is there anything further from the Government?

MR. SULLIVAN: No, Your Honor.

Smith.

This is a Defendant who has wasted his life, who's wasted the life of Jose Mendez. And in so doing, affected the lives of Maquiva Concepcion; Jose Mendez, Jr.; Carmen Mendez, Jose Mendez, Sr. And in so doing, he destroyed not only Jose Mendez's life, but impacted his whole family.

And for that conduct, the Government recommends life imprisonment; five years supervised release; no fines or restitution may be, hopefully paid to the families. There's the $40,000 claim by Mr. Mendez, which was discussed yesterday as not being particularly well documented. But there is no objection from the Defendant on that count.

There's always the matter of a $50 special assessment. And there's one count of conviction here, so it's only $50 in this case.

The last thing I point out to the Court is that this Defendant -- and again, there's no objection to this -- this Defendant does qualify for an enhancement under the Criminal Street Gangs Act, but because you really can't enhance a life sentence, the Government does not make a recommendation according to that. Thank you.

THE COURT: Mr. Gerstein?

Ex.(B2)

PROB 72
(7/96)



UNITED STATES DISTRICT COURT
for the
Judicial District of Rhode Island

**Declaration of Victim Losses**

**United States of America**

Vs. **Cr. No.: 95-00075-001**

**George Sepulveda**

I, Jose F. Mendez, Sr., residing at 2090 Grand Concourse, #25B, in the Town/City of Bronx, County of ___, in the State of New York, am victim in the above-referenced case and I believe that I am entitled to restitution in the total amount of $ 40,000.00.

My specific losses as a result of this offense are summarized as follows: Loss of income because I'm suffering from a long deep depression, I had falled [illegible] on all my debts paid ments, I can't concentrate properly [illegible] work, no matter what I do, I always carry my son in my mind. I went seeking for profesional help a few time and its work very little.

I have been compensated by insurance or another source with respect to all or a portion of my losses in the amount of $ NONE. The name and address of my insurance company the claim number for this loss is as follows:

I declare under penalty of pejury that the foregoing is true and correct.

Jose F. Mendez
(Signature)

Executed on this 1 day of MAY, 1997

(Additional Pages May be Attached)

A. Yes.
Q. And then asked for the other one?
A. "The other one."
Q. After your son's death, what arrangements did you make for his funeral?
A. Excuse me?
Q. What arrangements did you make for Jose's funeral?
A. Well, my brother went down to identify -- see the body. And I had to go down to Smith Street to the funeral home and pick up the body to send it to New York, to the funeral home in New York.
Q. What local funeral home transferred the body for you from Rhode Island to New York?
A. The one on Smith Street.
Q. Boyle Funeral Home?
A. Yes. Around my house.
Q. Did you have a wake in New York City?
A. Yes.
Q. And where did that happen?
A. St. Andrew (sic) Funeral Home.
Q. San Andres Funeral Home?
A. San Andres Funeral Home.
Q. After the wake in New York, where was Jose ultimately interred?

A. I take him to my country.
Q. What is your country?
A. Dominican Republic.
Q. How did Jose get from San Andres to Dominican Republic? Do you remember what airline?
A. American.
Q. Did you go with the body from New York to the Dominican Republic?
A. Yes.
Q. Do you remember how much money the funeral arrangements cost between Boyle and San Andres and the flight to the Dominican Republic?
MR. CICILLINE: Objection.
THE COURT: Sustained.
Q. Did -- how did you pay for the funeral arrangements?
A. My father helped me. All my family helped me.
Q. And where does your father live?
A. Florida. In Florida.
Q. Did you bring with you any pictures of Jose before his death?
A. (Nods affirmatively.)
THE COURT: You need to speak your answer, ma'am.
A. Yes.

# CERTIFICATE OF SERVICE

I, Terrance Boyd, hereby certify that I have served a true and correct copy of the foregoing:

Petition for Writ of Error Coram Nobis
28 U.S.C.§1651(A).

Which is deemed filed at the time it was delivered to prison authorities for forwarding to the court, Houston vs. Lack, 101 L.Ed.2d 245 (1988), upon the court and parties to litigation and/or his/her attorney(s) of record, by placing same in a sealed, postage prepaid envelope addressed to:

U.S.D.C.
District of Rhode Island
1 John O. Pastore Federal Building
Two Exchange Terrace
Providence, R.I. 02903

U.S. Attorney
District of Rhode Island
Fleet Center
50 Kennedy Plaza 8th fl.
Providence, R.I. 02903

and deposited same in the United States Postal Mail at the United States Penitentiary,

Signed on this 24 Th day of OCT.,

Respectfully Submitted,

Terrance Boyd

REG. NO. 04225-070