UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

TERRANCE BOYD                :
                             :
vs.                          :          CR No.  95-075-ML
                             :
UNITED STATES                :

MEMORANDUM AND ORDER

Mary M. Lisi, United States District Judge

Before the Court is Terrance Boyd's Petition for Writ of Error Coram Nobis Pursuant to 28 U.S.C. § 1651 ("Coram Nobis Petition") challenging the restitution portion of his sentence. For the reasons set forth below the Court denies relief.

BACKGROUND AND TRAVEL

Following a 44-day jury trial, Boyd was convicted in 1997 of a violent crime (murder) in aid of racketeering activity, in violation of 18 U.S.C. § 1959(a)(1) and 18 U.S.C. § 2. As part of the sentence imposed by this Court on September 23, 1997, Boyd was ordered to pay the mandatory special assessment and make restitution, jointly and severally with several of his co-defendants, in the amount of $40,000 to Jose Mendez, the father of the murder victim.[1]

Boyd's conviction and sentences were affirmed on direct appeal, see United States v. Lara, 181 F.3d 183 (1st Cir. 1999), cert denied sub nom Boyd v. United States, 528 U.S. 1098 (2000). Thereafter, Boyd moved for relief under 28 U.S.C. § 2255, seeking to vacate his sentence on various grounds. This Court denied relief, and the United States Court of Appeals

---

[1] The other defendants liable on this restitution order were George Sepulveda, Shariff Roman, George Perry and Hakim Davis. The Court also sentenced Boyd to life imprisonment and five years supervised release. This portion of the sentence are not at issue here.

for the First Circuit denied Boyd's request for a certificate of appealability. Boyd then filed a motion pursuant to Rule 60(b)(4) for relief from the judgment denying his § 2255 motion, which motion was denied by this Court. See Boyd v. United States, CA 00-612-ML, 2005 WL 2177172 (D.R.I. Sept. 8, 2005).

Boyd originally challenged his restitution obligation in the United States District Court for the Middle District of Pennsylvania (the "District Court"), where he is confined, a Petition for a Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241, arguing that the sentencing court imposed an illegal restitution order and that his counsel was ineffective. See Terrance Boyd v. Joseph Smith, No. 3:CV-04-2492 (M.D. Pa.). The District Court concluded that § 2241 was an improper vehicle to challenge the validity of a restitution order and dismissed the petition.

Thereafter, Boyd filed the instant Coram Nobis Petition in this Court. That Petition is based on two grounds: (1) ineffective assistance of counsel at sentencing due to counsel's failure (a) to object to this Court's imposition of restitution without making factual findings concerning his ability to pay; and (b) to request that the Court clarify the term "joint and several" used when imposing the restitution obligation on him and his co-defendants; and (2) ineffective assistance of appellate counsel in not raising these issues during Boyd's direct appeal.[2] The Government opposes the claims and further contends that coram nobis is not a proper vehicle for the relief Boyd seeks.

---

[2] The Court notes that the claims and arguments set forth in Boyd's papers in support of the instant Petition for Writ of Corum Nobis are virtually identical in substance to those set forth in the petition filed by his co-defendant George Sepulveda, which petition has been denied by this Court. See Memorandum and Order dated January 19, 2006 in Sepulveda v. United States, CA 05-138-ML [hereinafter "Sepulveda Memorandum and Order"].

## DISCUSSION

A. <u>Availability of Coram Nobis</u>

The First Circuit has not addressed whether a petition for writ of error coram nobis may be used to obtain collateral relief of the restitution portion of a criminal sentence. <u>See</u> <u>United States v. Sawyer</u>, 239 F.3d 31, 38 (1st Cir. 2001) (assuming without deciding that writ of coram nobis is available "to vacate a criminal conviction premised upon a fundamental error of law"). <u>See also</u> <u>United States v. Barrett</u>, 178 F.3d 34, 54-55 (1st Cir. 1999), <u>cert. den.</u> 528 U.S. 1176 (2000) (writ of coram nobis is not available in lieu of §2255 remedy to a petitioner challenging his sentence based on Jencks Act). However, at least one circuit has recognized that a writ of error coram nobis may be available to correct fundamental errors in the restitution portion of a sentence. <u>See</u> <u>Barnickel v. United States</u>, 113 F.3d 704, 706 (7th Cir. 1997)(coram nobis may be used to challenge restitution if requirements of writ are met). <u>See also</u> <u>Kaminski v. United States</u>, 339 F.3d 84, 89-90 (2d Cir. 2003) (dicta by Calabresi, J. observing that coram nobis may be available in extraordinary circumstances to challenge non-custodial portion of sentence).

In view of these considerations and the characterization previously made by the District Court of a similar petition filed by Boyd's co-defendant George Sepulveda, <u>see</u> Sepulveda Memorandum and Order at 3, this Court will assume without deciding that the instant Coram Nobis Petition properly raises Boyd's claims. <u>See</u> <u>Sawyer</u>, 239 F.3d at 38 (assuming, without deciding, that coram nobis was available if prerequisites were satisfied). Those claims are in any event without merit and do not entitle him to the relief he requests.

A writ of error coram nobis may be issued only as an "extraordinary remedy" under circumstances that compel the issuance of the writ "to achieve justice." <u>United States v. Morgan,</u>

-3-

346 U.S. 502, 511, 74 S.Ct. 247 (1954). The writ of error or notice "is limited to 'those cases where the errors were of the most fundamental character, that is, such as rendered the proceeding itself irregular and invalid.'" United States v. Michaud, 925 F. 2d 37, 39 (1st Cir. 1991), quoting United States v. Addonizio, 442 U.S. 178, 188, 99 S.Ct. 2235 (1979).

Determining whether to grant a writ of error coram nobis involves using a three-part test:

> [A] petitioner must 1) explain her failure to seek relief from judgment earlier, 2) demonstrate continuing collateral consequences from the conviction, and 3) prove that the error is fundamental to the validity of the judgment.

United States v. Sawyer, 239 F.3d at 38, citing Hagar v. United States, 993 F.2d 4, 5 (1st Cir. 1993).

B.   Application to Claims Raised

Here, none of Boyd's claims come close to satisfying the prerequisites for coram nobis, and he fails to demonstrate any fundamental error which would render his sentence invalid.

1.   Necessity of Findings of Fact for Restitution

The Victim and Witness Protection Act ("VWPA"), codified in pertinent part at 18 U.S.C. § 3663, requires a sentencing court to consider the economic circumstances of the defendant prior to ordering restitution. See § 3663(a)(1)(B). The Mandatory Victim Restitution Act ("MVRA"), enacted in 1996 as part of Antiterrorism and Effective Death Penalty Act (AEDPA), P.L. 104-132, title II, § 204(a), amended the VWPA and provides for mandatory restitution to victims of certain crimes, including murder, without any findings concerning a defendant's ability to pay. See 18 U.S.C. § 3663A. Congress intended that § 3663A "shall, to the extent constitutionally permissible, be effective for sentencing proceedings in cases in which

defendant is convicted on or after the date of enactment of this Act [April 24, 1996]." See P.L. 104-132, § 211, as set forth in statutory note to 18 U.S.C. § 2248.

In his first claim, Boyd asserts that this Court should have made findings of fact concerning his ability to pay when imposing restitution. Boyd further contends that because this Court did not make the required findings, it must have imposed restitution under the MVRA and that the retroactive application of the MVRA to his criminal conduct, which occurred prior to its enactment, violated the Ex Post Facto clause of the United States Constitution. The Government contends that restitution was properly imposed under the MVRA, which does not require any findings regarding a defendant's ability to pay restitution.

It is unnecessary in this case to determine whether the MVRA could be retroactively applied to Boyd's sentence, because even assuming that the VWPA applies, Boyd's claims do not warrant coram nobis relief. See United States v. Licausi, 167 F.3d 36, 52 and n. 4 (1st Cir. 1999), cert. den. sub nom Durfee v. United States, 528 U.S. 827 (court addressed restitution issues under VWPA rather than MVRA, where "the result is the same under either version and thereby to allay any ex post facto clause concerns").[3]

---

[3] The First Circuit has not had occasion to address directly whether the application of the MVRA to a restitution portion of a criminal sentence violates the Ex Post Facto clause. The majority of the circuits that have addressed this issue have found that the retroactive application of the MVRA does violate the Ex Post Facto clause. Compare United States v. Schulte, 264 F.3d 656, 662 (6th Cir. 2001) (because restitution is punitive in nature, the use of MVRA to impose restitution as part of sentence for criminal conduct committed prior to enactment of MVRA violated Ex Post Facto clause); United States v. Edwards, 162 F.3d 87 (3d Cir. 1998) (same); United States v. Siegel, 153 F.3d 1256, 1259-1261 (11th Cir. 1998) (same); United States v. Bapack, 129 F.3d 1320, 1327 n. 13 (D.C. Cir. 1997)(same); United States v. Williams, 128 F.3d 1239, 1241 (8th Cir. 1997); United States v. Baggett, 125 F.3d 1319, 1322 (9th Cir. 1997); and United States v. Thompson, 113 F.3d 13, 14 n. 1 (2d Cir. 1997)(same) with United States v. Newman, 144 F.3d 531 (7th Cir. 1998) (restitution deemed essentially a civil penalty and not criminal punishment; thus, application of MVRA did not violate Ex Post Facto clause); and United States v. Nichols, 169 F.3d 1255 (10th Cir. 1999)(same).
  Cf. United States v. Rostoff, 164 F.3d 63 (1st Cir. 1999) (noting "the nature of restitution is penal, not compensatory" and thus Seventh Amendment right to jury trial does not apply to determinations of amount of restitution).

First, Boyd asserts this claim in a petition filed more than seven years after sentencing and more than four years after his conviction became final. Even assuming that his counsel failed to request findings of fact concerning his ability to pay, Boyd was aware of the restitution order from the moment that it was imposed. He makes no explanation as to why he has not raised this claim earlier. Nor does he claim that he requested his counsel to demand that this Court make findings concerning his financial circumstances.

Second, Boyd has not shown any collateral consequences of the Court's imposition of restitution, apart from the continuing restitution obligation itself. He does not allege, nor could he, that he is in danger of being held in contempt for failing to make restitution, given his incarceration.

Finally, there was simply no fundamental error in the Court's consideration of Boyd's financial resources and ability to pay restitution. The law is well established in this circuit that under the VWPA a sentencing court need not make explicit findings that a defendant has the ability to pay the restitution ordered. "Rather, 'it is sufficient if the record on appeal reveals that the judge made implicit findings <u>or otherwise adequately evinced his consideration of those factors</u>.'" <u>United States v. Licausi</u>, 167 F.3d at 52, <u>quoting</u> <u>United States v Newman</u>, 49 F.3d 1, 10 (1st Cir. 1995)(emphasis added). <u>Accord</u> <u>United States v. Savioe</u>, 985 F.2d 612, 618 (1st Cir. 1992). The statute does not require a finding of ability to pay, but requires only that the sentencing court <u>consider</u> the defendant's financial resources as a factor in imposing restitution. <u>Newman</u>, 49 F.3d at 10. In addition, a court need not find that a defendant has the present ability to pay. <u>Id</u>., <u>citing</u> <u>United States v. Lombardi</u>, 5 F.3d 568, 573 (1st Cir. 1993).

Here, although this Court did not explicitly address Boyd's ability to pay, it did state that it had "reviewed in great detail" Boyd's presentence report, which included his affidavit of financial resources, see Transcript of Sentencing Hearing conducted on September 23, 1997 in United States v. George Boyd, et al, CR No. 95-75-02-ML ("Sent. Tr.") at 33, and that any funds that Boyd may come into, through work or inheritance, should be paid to the Mendez family. Id. at 35. Moreover, as the Government noted, Boyd did not object at the time of sentencing to the restitution award. Id. at 30.

It follows that counsel's failure to request factual findings concerning Boyd's financial circumstances did not constitute ineffective assistance under Strickland v. Washington, 466 U.S. 668 (1984), much less a fundamental error rendering the entire proceeding irregular. See Michaud, 923 F.3d at 39; United States v. Barrett, 167 F.3d 34, 56 n. 20 (1st Cir. 1999). Thus, Boyd is not entitled to coram nobis relief on this claim.[4]

2. Meaning of "Joint and Several" Restitution Obligation

In the course of imposing the restitution obligation at sentencing this Court stated: "On the restitution order, this defendant is jointly and severally liable with his codefendants Sepulveda, Perry, Roman and Davis." See Sent. Tr. at 35. Boyd claims that his counsel rendered ineffective assistance by failing to request that the Court explain what was meant by the term "joint and several." This claim suffers from the same failings as those listed above.

As with his first claim, Boyd does not indicate any reason for not raising this issue earlier. The record does not reflect any doubt by Boyd concerning the meaning of the term at the time of

---

[4] Boyd's further claim, only briefly discussed, that this Court failed to conclude the amount of restitution ordered did not represent the losses caused by the offense of conviction (Coram Nobis Petition at 4-5) is likewise without merit. Putting aside the fact that Boyd did not object at sentencing to the amount of restitution sought, to suggest that the funeral and burial expenses of the family of the victim Boyd was convicted of murdering were not losses caused by the offense of conviction is spurious.

sentencing. Moreover, he does not contend that he sought an explanation from his counsel or that the result would be any different had he received an explanation. Thus, counsel's failure to request an explanation from the Court as to the meaning of "joint and several" liability does not constitute ineffective assistance, see Strickland, 466 U.S. at 687-688, and this claim likewise does not come close to raising an error "of the most fundamental character" so as to justify relief under coram nobis. Michaud, 923 F.2d at 39; see Barrett, 167 F.3d at 56 n. 20.[5]

### 3. Ineffective Assistance of Appellate Counsel

Boyd's claims as to the ineffective assistance of appellate counsel are based upon the same alleged errors as those he alleges were committed by his trial counsel at sentencing – i.e., failure to raise issues concerning (1) whether this Court made findings of fact concerning Boyd's ability to pay restitution; and (2) the need for the Court to explain the "joint and several" nature of the restitution obligation. In view of the disposition of Boyd's claims concerning trial counsel, these claims fail as well.[6]

The Court has reviewed Boyd's other arguments and finds them to be without merit.

---

[5] Boyd's reliance on United States v. Hunter, 52 F.3d 489 (3d Cir. 1995), on this point is inaccurate and misplaced. Contrary to his assertion, the remand in Hunter was ordered not due to the Court's statement that restitution was to be joint and several with co-defendants but for other reasons. Indeed, the Court there observed that governmental "interests in justice and rehabilitation should allow a district court to impose joint and several liability [for restitution] on multiple defendants." Id. at 494 (citations omitted).

[6] The Court notes that appellate counsel raised and argued numerous issues on Boyd's behalf in the course of his direct appeal. See generally, United States v. Lara, supra.

## CONCLUSION

Boyd's claims do not come close to meeting the stringent requirements for a writ of error coram nobis. Accordingly, his petition to modify the restitution portion of his sentence, construed as a petition for a writ of error coram nobis, is hereby DENIED.

So Ordered:

_/s/ Mary M. Lisi_
Mary M. Lisi
United States District Judge
February /, 2006